**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MARIALEX DE LOS ANGELES CUEVAS CAMACHO,** ) ) ) | |
| **Petitioner,** ) ) | |
| **v.** ) ) | **Case No. CIV-26-981-R** |
| **WARDEN, DIAMONDBACK CIMARRON CORRECTIONAL FACILITY** ) ) ) ) | |
| **Respondents.** ) | |

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner Marialex De Los Angeles Cuevas Camacho, a noncitizen[1], seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge David L. Russell referred the case to the undersigned magistrate judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Because Petitioner is no longer in ICE custody and this Court can grant no relief to her, the undersigned recommends the Court dismiss the Petition as moot.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The record contains no evidence of Petitioner's citizenship or anything regarding under what circumstances she was detained by Immigration and Customs Enforcement (ICE) officials or how long she had been in ICE custody. Petitioner filed her Petition however, on May 1, 2026, with a signature dated April 18, 2026, mailed from

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr,* 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. 1101(a)(3)).

Diamondback Correctional Facility. *See* ECF No. 1. Other pending pleadings in the case are a Motion for Temporary Restraining Order, a Motion to Appoint Counsel, and a Motion for Extension of time to file a Response to the Petition. (ECF Nos. 3, 4, & 12).

On May 26, 2026, Respondents filed a Response to the Petition, stating that on April 26, 2026, DHS released Petitioner from custody on her own recognizance. (ECF No. 13:1). Respondents attached the release order and informed the Court that the order had been in response to a previous habeas filing submitted by Petitioner while she was in Arizona. (ECF No. 13:1-2). As a result, Respondents requested dismissal of the Petition as moot. (ECF No. 13).

## II.    STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

## III.   DISMISSAL OF THE PETITION AS MOOT

Petitioner properly filed his Petition in this district because she was detained here at the time of filing. (ECF No. 1); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (noting a § 2241 petition "must be filed in the district where the prisoner is confined"). Petitioner satisfied the "in custody" requirement under § 2241 "at the time the petition

was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (noting that petitioner met the "in custody" requirement of § 2241 because he was "in custody at the time of filing" (quoting 28 U.S.C. § 2241)). "The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.' " *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified). This means "an actual controversy must be extant at all stages of review, not merely at time the [petition] is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (citation modified). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

But now, Petitioner is no longer in ICE custody. *See supra*. Though jurisdiction attached in this district when Petitioner filed his Petition here, her subsequent release from ICE custody may render his Petition moot. The Petition does not become moot,

however, merely because Petitioner has been released. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences ... adequate to meet Article III's injury-in-fact requirement.' " *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (quoting *Spencer*, 523 U.S. at 14). To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury" "if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges her detention, and not any underlying removal order. *See* ECF No. 1. Courts have concluded that a petitioner's release from immigration custody mooted his habeas challenge to the legality of his detention, where the only possible "continuing injury" or collateral consequence "stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Further, any determination now as to whether Petitioner's detention violated his due process rights would amount to an advisory opinion that this Court cannot issue. *Id.* (declining "to issue an advisory opinion regarding [petitioner's] entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the [immigration officials'] future conduct" with petitioner).

Petitioner is no longer in ICE custody, and the relief she requests is no longer available and cannot be redressed by a favorable judicial decision. The undersigned is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine. As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's

jurisdiction, and the Petition should be dismissed as moot. *See, e.g., Sule v. I.N.S.*, 189 F.3d 478, 1999 WL 668716, at *1 (10th Cir. 1999) (unpublished table decision) (concluding that an immigration detainee's "release [from immigration custody through deportation] has mooted his challenge to the legality of his detention"); *Souphanthong v. Bondi*, No. CIV-25-1220-D, ECF No. 16, (W.D. Okla. Dec. 1, 2025) (recommending dismissal of habeas petition as moot when petitioner was removed to home country and no longer in ICE custody) (R&R), *adopted*, ECF No. 20 (W.D. Okla. Dec. 16, 2025); *McLean v. Bondi*, No. CIV-25-1165-PRW, ECF No. 11 (W.D. Okla. Oct. 23, 2025) (same) (R&R), *adopted*, ECF No. 18 (W.D. Okla. Nov. 14, 2025); *Bolom Vazquez v. Holt*, No. CIV-25-1191-J, ECF No. 12 (W.D. Okla. Nov. 6, 2025) (recommending dismissal of habeas petition as moot when petitioner's request for cancellation of removal was granted and he was released from ICE custody) (R&R), *adopted*, ECF No. 13 (W.D. Okla. Nov. 21, 2025).

## IV.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Petitioner's release from ICE custody renders her Petition moot, as there is no longer an actual case or controversy for the Court to decide. The undersigned therefore recommends that the Court **DISMISS** the Petition, ECF No. 1, as moot. This recommendation, if adopted, will also terminate the outstanding pleadings—ECF Nos. 3, 4, & 12. The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **June 15, 2026**. See id. If a party wishes to respond to the other party's objections, such response must be filed not later than **June 18, 2026**. *See* Fed. R. Civ. P.72(b)(2). The

parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010).

## V.    STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on June 8, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE